IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVIOUS MARQUES BOYD,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 5:23-cv-00224-MTT-MSH |
| **RIVERBEND REH. FAC., ALL POSITIONS,**[1] | : |
| **Defendants.** | : |

### ORDER OF DISMISSAL

*Pro se* Plaintiff Davious Marques Boyd, a prisoner at Ware State Prison in Waycross, Georgia, filed this 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff has not moved to proceed *in forma pauperis* or paid the $402.00 filing fee. For purposes of this dismissal alone, the Court will allow this case to proceed without the prepayment of filing fees.

I.   STANDARD OF REVIEW

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screenings, the Court must accept all factual allegations in the complaint as

---

[1] In the docketing of this case, the Clerk of Court mistakenly listed Ware State Prison as a Defendant. However, Plaintiff never lists Ware State Prison as a Defendant but instead lists Riverbend Rehab Fac. and "all positions" as his named Defendants. *See* ECF No. 1 at 1 and 4. The Clerk of Court is therefore **DIRECTED** to terminate Ware State Prison as a Defendant and add "all positions" as the Defendant.

true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110 (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b)(1)-(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citations omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (internal quotation marks and citations omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or

2

omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     ANALYSIS

Here, Plaintiff utilizes a standard form sent to him in a previous civil action and lists "Riverbend Reh Fac" as a Defendant in the caption of the complaint. ECF No. 1 at 1. Plaintiff indicates that he is presently incarcerated at Ware State Prison and when asked to list his Defendants he responds with "all positions". *Id*. at 4. When asked where the incident he is complaining about occurred, Plaintiff responds with "every institution except Coastal St. Prison" and as to when the incident occurred, he gives no response. *Id*. at 5. When asked "what happened", Plaintiff responds with "just check the video footage of each dorm I was in from 12/4/2017 to 4/7/2023 Let the jury watch I show yall each person I had altercations with one by one or by groups. Even staff too". *Id*. For listing witnesses, Plaintiff states "supena (sic) all people that was in my living area at all institutions to testify even all staff employees". *Id*. at 6. For Plaintiff's requested relief, he states, in part:

> HELP ME START MY NONPROFIT ORGANIZATION SO I CAN BRING BUSINESS TO MY CITY SYLVANIA GA ON MY FAMILY 100 ACRES OF LAND…. I WANT YALL TO PAY MY FAMILY FOR THE

3

> ENTIRE 100 ACRES SO I CAN BRING JOB OPP. SCHOOL MIDDLE ELEM. HIGH COLLEGES MALLS STORE RESTERANTS ETC TRUCK STOPS FARMING AND MUCH MORE TO BETTER THE CITY OF SYLVANIA POPULATION AND INCREASE OUR NUMBER OF PEOPLE ON THE SENSUS COURTS AND I WANT 50 BILLION DOLLARS TO GIVE AWAY AS ZAKAH I'M MUSLIM SO IT FOR THE CASE OF ALLAH.
>
> *Id*. at 6.

Plaintiff then adds other requests in the margin including "free all the people locked up in confinement world wide" and "help me build the biggest mosque pits across the universe on every part of land that has resources there". *Id*.

In previous civil actions, Plaintiff was repeatedly advised by this Court that to bring a §1983 lawsuit he must name an actionable Defendant (not prisons and collective Doe defendants), present factual allegations that each Defendant has committed a constitutional violation against him, and request relief that is available from the district courts. *See* ECF No.7 in *Boyd v. Bailey*, 5:22-cv-447-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-448-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-449-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Rehabilitation Facility*, 5:22-cv-451-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-452-TES-CHW (M.D. Ga. Mar. 6, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-453-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-456-TES-CHW

(M.D. Ga. Feb. 22, 2023).[2]  Despite being instructed at least seven times on how to raise a constitutional claim, Plaintiff again fails to identify an actionable Defendant, raises no statement of claim other than "check video footage", and requests fanciful and delusional relief from this Court.  ECF No. 1 at 4-6.

The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  In *Neitzke*, the United States Supreme Court provided examples of frivolous or malicious claims.  These examples that fit into the factually baseless category included complaints where the defendant is clearly immune from suit, complaints where the plaintiff alleges infringement of a legal interest which obviously does not exist, and complaints detailing fantastic or delusional scenarios. *Id*. at 327-328. District courts are vested "with broad discretion in determining whether to dismiss an action as frivolous or malicious....". *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Phillips v. Mashburn*, 746 F.2d 784-785 (11th Cir. 1984) (per curiam) ("Frivolous suits unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense."); *Bilal v. Driver,* 251

---

[2]  These civil actions and two others filed within the same two-month period were often shotgun pleadings or frivolous and all were dismissed for failure to follow court orders or as duplicative.  *See also Boyd v. GeoGroup Inc.,* 5:22-cv-387-MTT-MSH (M.D. Ga. Jan. 23, 2023); *Boyd v. Riverbend Correctional Facility*, 5:22-cv-450-TES-CHW (M.D. Ga. Jan. 3, 2023).

F.3d 1346, 1348–49 (11th Cir.2001) (stating that "[a] determination of frivolity is best left to the district court").

A claim can be frivolous when it appears that a plaintiff has little or no chance of success. *Bilal*, 251 F.3d at 1349 (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)) ("A claim is frivolous if it is without arguable merit either in law or fact."). Here, Plaintiff names a prison, Riverbend Correctional Facility, as his defendant as well as "all positions" which is presumably every person from "every institution except Coastal St. Prison". ECF No.1 at 1 and 4-5. As Plaintiff has been advised *ad nauseum*,[3] prisons cannot be Defendants in a § 1983 civil action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims"). Likewise, as Plaintiff has also been previously instructed,[4] use of the terms "all positions" or "employees" or "staff" when referencing defendants, is not adequate to state a claim against a "person" as required in cases filed pursuant to § 1983. Conclusory references to

---

[3] *See* ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-448-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-449-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Rehabilitation Facility*, 5:22-cv-451-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-452-TES-CHW (M.D. Ga. Mar. 6, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-453-TES-CHW (M.D. Ga. Feb. 22, 2023); ECF No. 7 in *Boyd v. Riverbend Correctional Facility*, 5:22-cv-456-TES-CHW (M.D. Ga. Feb. 22, 2023).

[4] *See* ECF No.7 in *Boyd v. Bailey*, 5:22-cv-447-TES-CHW (M.D. Ga. Feb. 22, 2023)

employees and all persons in general fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *See Hale*, 50 F.3d at 1582; *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law). Thus, collective liability, *i.e.*, when claims are brought against persons such as "all positions", is not permitted under § 1983 and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen"). Lastly, Plaintiff reducing his allegations to "check the video footage" and let Plaintiff "show yall each person [he] had altercations with one by one or by groups" is a wholly unacceptable means of stating a claim. When a litigant fails to provide factual allegations in support of his claims, the complaint is subject to dismissal. *See Chappell*, 340 F.3d at 1282-84; *Twombly*, 550 U.S. at 555 (citations omitted) (finding that the factual

7

allegations in a complaint "must be enough to raise a right to relief above the speculative level"); *Williams, Scott & Assocs. LLC v. Sally Yates*, 842 F. App'x 539, 540 (11th Cir. 2021) (per curiam) (concluding district court did not abuse its discretion in dismissing plaintiff's complaint as frivolous where his "naked assertions of a conspiracy involving more than a dozen federal agents, judges, and lawyers, without any sufficient supporting factual allegations to allege a plausible claim, is the type of fanciful complaint the frivolity screening seeks to reject"). Here, Plaintiff's complaint has no chance of success due to his failure to name actionable defendants and his failure to present any factual allegations that would plausibly state a claim. Consequently, Plaintiff's complaint can be dismissed as frivolous. *Miller*, 541 F.3d at 1100; *Bilal*, 251 F.3d at 1349.

Even most disconcerting to the Court is Plaintiff's rambling incomprehensible requests for relief. *See* ECF No. 1 at 6. The Court obviously cannot "help [Plaintff] start [his] nonprofit organization … on [his] family['s] 100 acres of land" or "pay [his] family for the entire 100 acres so [he] can bring job opp. school middle elem. high colleges malls store resterants etc truck stops farming and much more to better the city of Sylvania population and increase [the] number of people on the sensus courts" or "free all the people locked up in confinement world wide" or "help [him] build the biggest mosque pits across the universe on every part of land that has resources there". *See id.* at 6. A complaint can also be considered "frivolous" if it "involve[s] factual contentions that are fanciful, fantastic, irrational, and/or delusional". *Porter v. Governor*, 667 F. App'x 766, 767 (11th Cir. 2016) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Here,

8

Plaintiff's requests "rise to the level of the irrational or wholly incredible" and, therefore, this civil action is frivolous. *Denton*, 504 U.S. at 33.

District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citing *Neitzke*, 490 U.S. at 327 (finding that a district court "may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless'"). This case qualifies for such treatment. First, Plaintiff's complaint is without arguable merit in law or fact and has no chance of success. *Bilal*, 251 F.3d at 1349; *Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984) (affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," and stating that Court should not have been put to the trouble of "adjudicating" the meritless appeal). Additionally, Plaintiff is "describing fantastic or delusional scenarios" in his requested relief. *Neitzke*, 490 U.S. at 327-328; *Denton*, 504 U.S. at 32-33. Accordingly, and for all other reasons set forth above, Plaintiff's complaint is **DISMISSED with prejudice**[5] as

---

[5] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases." *Camp*, 798 F.2d at 438. This is an "appropriate case[]". *Id.*; *see also Jefferson Fourteenth Assocs.,* 695 F2d at 526, 526 n.3 (11th Cir. 1983). This case qualifies for dismissal with prejudice because Plaintiff's allegations "'are clearly baseless and without arguable merit in fact'". *Jordan v. Central Intelligence Agency*, No. 5:18-cv-455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)); *Davis*, 261 F.

frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

The Court also notes that since October 2022, Plaintiff has filed at least sixteen lawsuits, including the above-named action, that lie in the Middle District of Georgia. *See Boyd v. GeoGroup*, 5:22-cv-387-MTT-MSH (filed October 6, 2022), *Boyd v. Bailey,* 5:22-cv-447-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-448-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-449-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-450-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-451-TES-CHW (filed Nov. 25, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-452-TES-CHW (filed Nov. 30, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-453-TES-CHW (filed Dec. 1, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-456-TES-CHW (filed Dec. 5, 2022); *Boyd v. Warden Cox,* 5:23-cv-198-MTT-CHW (filed June 5, 2023);   *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-207-MTT-CHW (filed June 13, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-211-MTT-MSH (filed June 16, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-212-TES-CHW (filed June 16, 2023); *Boyd v. Hancock State Prison,* 5:23-cv-219-MTT-CHW (filed June 21, 2023); *Boyd v. Bailey,* 5:23-cv-222-MTT-CHW (filed June 27, 2023). Most of these actions are frivolous like the present suit or raise duplicative claims or are impermissible shotgun pleadings. *See id*.

---

App'x at 235.

Plaintiff has been previously cautioned that his filing habits are grounds for sanctions. *See* ECF No. 7 in *Boyd v. Riverbend Correctional Facility,* 5:22-cv-00450-TES-CHW (filed Nov. 23, 2022). The Eleventh Circuit recognizes that restricting a plaintiff's ability to file can be "necessary and prudent to protect the rights of all litigants in the federal system" when the plaintiff repeatedly abuses his filing rights. *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time," and when a litigant repeatedly submits a flood of claims, "the claims of other litigants necessarily suffer". *Id.* at 1072. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* at 1073; *citing In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2nd Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986).

"Access to the courts is unquestionably a right of considerable constitutional significance," but it is "'neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id.* Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants". *Id.* District courts are afforded considerable discretion in designing and drafting measures for such protection. *Shell v. U.S. Dept. of Housing and Urban Development*, 355 Fed. App'x. 300, 308 (11th Cir. 2009).

These measures may include but are not limited to dismissals for abuse of the judicial process (which qualify as strikes under 28 U.S.C. § 1915(g)) or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure.  Thus, prohibiting the filing of future civil actions without first seeking leave of the court is one of the methods a district court may utilize to control a repetitive and excessive filer such as Mr. Boyd. *Cobble v. U.S. Government*, 816 Fed. App'x 355, 360 (11th Cir. 2020); *Cofield v. Alabama Public Service Commission,* 936 F.2d 512, 514-16 (11th Cir. 1991) (upholding a district court sanction barring future civil actions without prior approval of the court for a plaintiff with a history of frivolous and vexatious litigation); *see also e.g.,* ECF No. 15 in *Cobble v. Jones*, case # 4:16-cv-362-LAG-MSH (sanctioning abusive filer for a period of one year by barring him from any and all future *pro se* actions without obtaining prior judicial approval).

    If Mr. Boyd files additional frivolous lawsuits, the Court may prohibit him from submitting any filings, in new actions or actions already pending before the Court, without first submitting a petition for leave to file in accordance with instructions detailed in the order issuing the sanction.

    **SO ORDERED** this 7th day of July, 2023.

                                             S/ Marc T. Treadwell
                                             MARC T. TREADWELL, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT